UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL R. SANTIAGO SR.,

        Plaintiff(s),        CASE NUMBER: 09-10229
                                          HONORABLE VICTORIA A. ROBERTS

v.

MICHAEL KRAIG KOURT,
ONEY DUSTIN RECKNER,
VERNON MATTHEW HUNKELE,
JOHN CHRISTOPHER HUNT,
ROY CHRISTOPHER VANDYKE,
DEPUTY SERGEANT AUNGST,
RICHARD CARL POLAN,
JOHN DOE,
LENAWEE COUNTY, and
LARRY RICHARDSON,

        Defendant(s).
_____/

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS

**I.    INTRODUCTION**

This matter is before the Court on Defendants Michael Kraig Kourt, Oney Dustin Reckner, Vernon Matthew Hunkele, John Christopher Hunt, Roy Christopher VanDyke, Deputy Sergeant Aungst, Richard Carl Polan, Lenawee County and former Sheriff Larry Richardson's (collectively, "Defendants") "Motion in Lieu of Responsive Pleadings." (Doc. #9). Defendants ask the Court to dismiss Michael R. Santiago Sr.'s Complaint because his claims are barred by the three-year statute of limitations.

Also before the Court is Santiago's "Counter-Claim Motion in Response to Defendant's[sic] Motion for Summary Judgment." (Doc. #12). Santiago asks for a

1

judgment on the pleadings under Fed. R. Civ. P. 12(c): "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."

Fed. R. Civ. P. 7 defines "pleadings" as: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a cross-claim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) a reply to an answer, if the court orders one.

Because Defendants have not filed an answer to Santiago's Complaint, the pleadings are not closed as required by Fed. R. Civ. P. 12(c); the Court **DENIES** Santiago's request for a judgment on the pleadings. Santiago's counter-claim motion is construed as a response to Defendants' motion to dismiss.

For the following reasons, Defendants' motion to dismiss is **GRANTED**.

## II.   BACKGROUND

On September 13, 2005, Santiago was arrested and sprayed with a chemical agent.

On January 21, 2009, he filed a 42 U.S.C. §1983 Complaint against Defendants for unlawful arrest and excessive use of a chemical agent.

## III.   ANALYSIS

Santiago's claims under 42 U.S.C. §1983 are governed by the state statute of limitations for personal injury actions. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007) (citations omitted). In Michigan, the period of limitations is three years. *See* MCLA §600.5805(10).

The question is: when did the three-year statute of limitations begin to run on

Santiago's §1983 claims?

### A. Unlawful Arrest Under 42 U.S.C. §1983

"[T]he statute of limitations upon a §1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397. A claimant becomes detained pursuant to legal process when he is bound over by a magistrate or arraigned on the charges. *Id.* at 389.

Santiago was arraigned on either September 13, 2005 or September 21, 2005. He had until September 13, 2008 or September 21, 2008 – three years after he was detained pursuant to legal process – to file a Complaint for unlawful arrest.

Because Santiago did not file a Complaint until January 21, 2009, his unlawful arrest claim is untimely.

### B. The Use of Excessive Force

"A § 1983 claim for excessive force in effectuating an arrest accrues at the time of arrest." *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wallace*, 549 U.S. at 388); *see also Drake v. City of Detroit, Michigan*, 2008 WL 482283 at **3 (6th Cir. Feb. 21, 2008) (same).

Santiago was arrested on September 13, 2005. He had until September 13, 2008 to file a Complaint for excessive force.

Because Santiago did not file a Complaint until January 21, 2009, his excessive force claim is untimely.

### IV. CONCLUSION

3

Defendants' motion is **GRANTED**.  Santiago's claims against Michael Kraig Kourt, Oney Dustin Reckner, Vernon Matthew Hunkele, John Christopher Hunt, Roy Christopher VanDyke, Deputy Sergeant Aungst, Richard Carl Polan, Lenawee County and former Sheriff Larry Richardson are **DISMISSED**.

Santiago's claim against John Doe for causing him to lose consciousness in the hospital is **DISMISSED WITHOUT PREJUDICE**.  Santiago may re-file his Complaint against this Defendant, if he discovers who John Doe is.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  November 17, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record and Michael R. Santiago Sr. by electronic means or U.S. Mail on November 17, 2009.

s/Carol A. Pinegar
Deputy Clerk